**IN THE COURT OF APPEALS OF IOWA**

No. 16-1277
Filed October 12, 2016

**IN THE INTEREST OF D.B.,**
**Minor child,**

**K.R., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Kristin L. Denniger, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Carrie K. Bryner, Cedar Rapids, guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her child.[1] Because of the mother's continued drug use, her continued relationship with the abusive father, and the need for the child to be in a safe, stable environment, we affirm.

## I.     Background Facts and Proceedings.

D.B., born September 2014, first came to the attention of the Iowa Department of Human Services (DHS) in November 2014, upon allegations the mother and father were using methamphetamine and the father was assaulting the mother.  Services were offered but refused.  Nearly one year later, on September 3, 2015, the district court ordered D.B.'s removal from the home upon findings similar to the prior year's allegations—that is, the use and manufacture of methamphetamine within the home, as well as the father assaulting the mother.  Drug testing revealed D.B. had been exposed to methamphetamine.  He was adjudicated as a child in need of assistance shortly thereafter upon the stipulation of the mother.  Reunification services were offered to the mother, which included substance abuse testing, evaluations, and treatment options.  Her compliance was inconsistent, prompting the State to seek termination of the mother's parental rights.  After a hearing on the petition, the district court ordered the termination of the mother's parental rights on July 11, 2016.  The mother appeals.

---

[1] The father's appeal of the termination of his parental rights was dismissed by our supreme court as untimely.

**II.      Standard of Review.**

We review termination of parental rights proceedings de novo, giving weight to, but not being bound by, the district court's fact finding.  *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

**III.      Statutory Grounds for Termination.**

The district court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2015).  That code section requires the State to prove by clear and convincing evidence,

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).  The mother only contests the findings as to the fourth element, which requires the State establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance."  *See* Iowa Code § 232.102(5)(a)(2).

The mother testified her drug of choice was methamphetamine, having used it off and on since she was fourteen years old.  While the mother delayed participating in the reunification services for several months after the child was removed, she testified that she had been drug free for five months—from February to July 2016.  The district court found her claim of being drug free lacked credibility as the mother tested positive for methamphetamine, marijuana,

and opiates in both April and May. She was also arrested in May for driving while barred. In addition, the mother was found to have continued her relationship with the abusive father, after declaring numerous times he would no longer be a part of her life.[2] As perceived by DHS and found by the court, the mother's ongoing substance abuse and her violent relationship with the father would expose the child to an adjudicatory harm if returned to the mother's care at the present time. As an alternative, the mother seeks additional time to prove she can safely and adequately parent D.B. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." The district court found she has not made "real, sustained progress in addressing the issues which place [D.B.] at imminent risk of harm if in [her] care." We agree and affirm the grounds for termination, as well as the denial of additional time to work towards reunification. A child should not be asked to continuously wait for a stable biological parent, particularly when the child is of a tender age. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

### IV. Best Interests and the Parent-Child Bond.[3]

Next, the mother asserts termination is not in D.B.'s best interests because she has a bond with the child. We look to whether the child "will be disadvantaged by termination, and whether the disadvantage overcomes [the

---

[2] The mother admitted her continued relationship with the father, and she was pregnant at the termination hearing, anticipating giving birth to twins in November 2016.

[3] The mother raises these separate statutory issues in one argument. *See* Iowa Code § 232.116(2), (3).

parent's] inability to provide for [the child's] developing needs." *Id.* at 709. Not long after the child was removed from the home, DHS placed D.B. with his maternal aunt—the mother's sister. With this placement, the sister was authorized to supervise the visits, which reportedly went well. Although the child has a bond with his mother, he also has a strong bond with his aunt, who is willing to provide a permanent home for the child through adoption.

It is clear from all the testimony, reports, and exhibits that the aunt is able to provide D.B. with the safe and stable environment the mother has yet to create, let alone sustain for any period of time. "In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (stating that a child's safety and the child's need for a permanent home are the "defining elements" in determining a child's best interests). We agree termination was in the child's best interests and there were no impediments to terminations.

**AFFIRMED.**